## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: | ) |
| | ) Case No. 10-31429 MER |
| DONALD LEONHARD HARTMANN | ) |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| SALLY D. FREDERICK | ) Adversary No. 10-1919 MER |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DONALD LEONHARD HARTMANN | ) |
| | ) |
| | ) Signed/Docketed |
| | ) May 25, 2011 |
| Defendant. | ) |

### ORDER ON DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court on the *Motion to Dismiss* (the "Motion") filed by Debtor/Defendant Donald Leonhard Hartmann ("Hartmann"), and the *Response in Opposition to Motion to Dismiss* (the "Response") filed by the Plaintiff Sally D. Frederick ("Frederick"). Having considered the evidence and arguments of the parties, the Court hereby enters the following Order.

### JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b)(1).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), as it relates to the dischargeability of a particular debt.

### BACKGROUND FACTS

Frederick filed her Complaint objecting to dischargeability on November 22, 2010.  In her Complaint, Frederick alleges she made investments through Hartmann, who was at the time a licensed securities broker, and that Hartmann induced her to invest in MKA Real Estate Qualified Fund ("Fund") by misrepresenting the stability of the Fund, Frederick's ability to

withdraw money from her investment, Frederick's qualifications to invest, and Hartmann's investigation of the Fund.

 According to Frederick, at Hartmann's behest, she sold rental real estate and invested all the $156,000 in proceeds in the Fund.  She asserts Hartmann falsified paperwork indicating she was eligible to invest in the Fund, when in fact she was not a qualified investor.  Later, Hartmann persuaded her to mortgage her residence and invest an additional $196,000 in the Fund.  Frederick received limited distributions, which later ceased.  In addition, she discovered she could not withdraw her funds or redeem her investment.  Notwithstanding demands to Hartmann, he did not return Frederick's investment, nor did she receive any further distributions.  As a result, in late 2009 Frederick sought arbitration through the Financial Industry Regulatory Authority ("FINRA"), and was awarded approximately $240,000 from that proceeding.  The award remains unsatisfied.

 The Complaint contains the following claims for relief:  1) for nondischargeability of a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny under 11 U.S.C. § 523(a)(4);[1] 2) for nondischargeability of debt based on securities fraud under § 523(a)(19) ; 3) for nondischargeabilty due to fraud under § 523(a)(2)(A); and 4) for nondischargeabilty due to willful and malicious injury under § 523(a)(6) .

## TREATMENT OF THE MOTION

 Hartmann indicates he filed the Motion pursuant to FED. R. CIV. P. 12(b)(6).[2]  However, since Hartmann attached additional materials to the Motion for the Court's consideration, it must be treated as a motion for summary judgment.[3]

 FED. R. CIV. P. 56 provides the court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4]  A party asserting that a fact cannot be genuinely disputed must support the assertion by "citing to particular parts of the record, including depositions, documents, . . . affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or

---

[1]  Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[2]  Made applicable to these proceedings by FED. R. BANKR. P. 7012(b).

[3]  FED. R. CIV. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."). Frederick argues that this Motion should be denied because Hartmann failed to comply with Local Bankruptcy Rule 7056; however, as the Motion was originally filed under Fed. R. Civ. P. 12(b)(6), the Court declines to deny it on that basis.

[4]  FED. R. CIV. P. 56(A); FED. R. BANKR. P. 7056.

other materials."[5]  When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.[6]  The movant bears the initial burden of establishing summary judgment is appropriate.[7]

## DISCUSSION

### A.      Collateral Estoppel

Hartmann argues Frederick is collaterally estopped from asserting her claims against him because they are predicated on a finding he defrauded her, which he asserts was fully and fairly litigated in his favor during the FINRA arbitration.  Collateral estoppel, where applicable, precludes relitigation of issues decided by another court or adjudicative body.  Collateral estoppel may preclude relitigation of the factual bases for a non-dischargeability claim if elements of the claim for non-dischargeability are identical to elements actually litigated and determined in the prior action.[8]  The collateral estoppel effect of a prior judgment is determined by the law of the forum in which the prior judgment was rendered.[9]

Colorado law provides collateral estoppel bars relitigation of an issue if the following four elements are shown:

(1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) There was a final judgment on the merits in the prior proceeding; (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.[10]

---

[5]  FED. R. CIV. P. 56(c)(1)(A).

[6]  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986);  *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[7]  *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[8]  *Grogan v. Garner,* 498 U.S. 279, 284 (1991).

[9]  *Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).  According to the FINRA award, submitted as Exhibit 3 to Frederick's Complaint, the hearing in this case was held in Denver, Colorado. As a result, Colorado law applies to this analysis.

[10]  *Bebo Constr. Co. v. Mattox & O'Brien, P.C.,* 990 P.2d 78, 84-85 (Colo. 1999) (quoting *Michaelson v. Michaelson,* 884 P.2d 695, 700-01 (Colo. 1994)).

The burden to demonstrate the existence of the four elements of collateral estoppel rests with the party seeking preclusion.[11]

Frederick argues the arbitration award here has no preclusive effect because it is not an award from a federal or state judicial or administrative body. However, the Tenth Circuit Court of Appeals has found doctrines of preclusion may apply where "parties have invested considerable time and resources arbitrating an issue identical to that before a court, and the arbitration panel clearly articulates its findings on the issue."[12] Where charges have been made and considered by an arbitration panel and a decision rendered against a plaintiff, allowing that plaintiff to have the claims tried *de novo* in a second forum would give the plaintiff an improper second chance to prove the same issues of fact dealt with in arbitration. In such a case, collateral estoppel serves the same interests of judicial economy and avoidance of piecemeal litigation it serves in cases litigated in the judicial system.[13] The question here then is whether the issue of fraud, which the Court agrees underlies several of Frederick's claims, can be determined from the FINRA arbitration record before the Court.

The FINRA award states in relevant part:

1.      Regarding Claimant's [Frederick's] claims of breach of fiduciary duty, Respondents Hartmann and HCGI are jointly and severally liable to and shall pay Claimant the amount of $195,132.00 contingent on the following Specific Performance: Claimant shall convey to Hartmann and HCGI her principal ownership in MKA Real Estate Qualified Fund I executed on September 28, 2006 and October 4, 2006.

2.      Respondents Hartmann and HCGI are jointly and severally liable to and shall pay Claimant interest on the award of $195,132 at 8% accruing from November 10, 2007 until the date of the service of the award.

3.      Respondents Hartmann and HCGI are jointly and severally liable to and shall pay Claimant interest on the award of $195,132.00 at 8% accruing from the date the aforementioned conveyance by Claimant of MKA Real Estate Qualified I, until payment of the award in full.

4.      All other claims by Claimant are denied.[14]

---

[11]  *Id.,* at 85.

[12]  *B-S Steel of Kan., Inc. v. Texas Indus., Inc.*, 439 F.3d 653, 666 (10th Cir. 2006).

[13]  *Coffey v. Dean Witter Reynolds, Inc.*, 961 F.2d 922, 927 (10th Cir. 1992).

[14]  Complaint., Docket No. 1, Exhibit 1, pp. 6-7.

Though the award acknowledges Frederick asserted claims on numerous grounds,[15] because the award contains no specific findings of fact and conclusions of law, it is impossible for the Court to determine whether all of these claims were actually determined, or, instead, whether the award was rendered on the basis of the first claim, thereby negating any reason for the panel to determine the remaining claims. Therefore, the Court cannot find, as a matter of law, that the FINRA award has preclusive effect and bars Frederick's claims.

## B.      Frederick's Nondischargeability Claims

Hartmann further argues Frederick's claim under § 523(a)(4) must be dismissed because Hartmann, as Frederick's broker, was not a fiduciary to Frederick and because the monies in question were not lost due to Hartmann's failure to perform obligations under an express trust nor by Hartmann's misappropriation of trust monies.

### 1.      Section 523(a)(4) Claim

Section 523(a)(4) of the Bankruptcy Code provides an individual may not be discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Hartmann contends Frederick fails to state a claim under § 523(a)(4) because (a) Frederick does not allege Hartmann committed embezzlement, larceny, or defalcation; and (b) to the extent Hartmann claims her losses attributable to her investment in the MKA Real Estate Fund constitutes a debt owed by Hartmann for fraud while acting in a fiduciary capacity, she has failed to assert the existence of an express trust sufficient to give rise to a fiduciary obligation.

Hartmann does not appear to dispute Frederick has adequately stated a claim for fraud or defalcation; instead, he argues she does not adequately state the second element of her claim – fiduciary capacity. Frederick disagrees, pointing out she asserted the applicability of the Investment Advisers Act, which imposed upon Hartmann certain statutory obligations and duties which render him a fiduciary within the meaning of § 523(a)(4).[16] The Court agrees with Frederick.

In *Griffiths v. Peterson (In re Peterson)*, Bankruptcy Judge William Hill, sitting by designation in this district, held the statutory requirements of the Investment Advisers Act set forth the prerequisites necessary for a statutorily created fiduciary relationship within the

---

[15]   The grounds asserted in the Arbitration included:  (1) breach of fiduciary duty; (2) fraud and misrepresentations; (3) violation of the Securities Exchange Act section 10(b) and Rule 10b-5; (4) violation of Colorado's Securities Act §§ 11-51-501(1) and 11-51-604(3); (5) control personal liability under the Colorado Securities Act § 11-50-604(b); (6) common law fraud; (7) negligence; and (8) negligent supervision.

[16]   Response, Docket No. 6, p. 7.

meaning of § 523(a)(4).[17]  This Court finds the reasoning therein persuasive, and therefore finds the allegations in the Complaint adequate to assert a fiduciary obligation, creating material issues of fact sufficient to survive a motion for summary judgment.

To the extent Frederick asserts embezzlement or larceny, however, the Court agrees she has failed to state a claim.  Embezzlement is "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come."[18]

To  maintain a claim for embezzlement, Frederick must show: "1. Entrustment (property lawfully obtained originally); 2. Of property; 3. Of another; 4.  That is misappropriated (used or consumed for a purpose other than that for which it was entrusted); 5. With fraudulent intent."[19]  Similarly, to state a claim for larceny, Frederick must allege that Hartmann has wrongfully and with fraudulent intent taken property from its owner.[20]  "The key difference between embezzlement and larceny is that '[l]arceny requires that the funds originally come into the Hartmann's hands unlawfully.'"[21]

Frederick does not allege the funds she placed into Hartmann's hands were used for any purpose other than that for which it was entrusted.  Thus, she does not state a claim for embezzlement.  Further, Frederick does not allege any funds of hers unlawfully came into Hartmann's hands, although such an allegation may be implied.  Therefore, a claim for larceny is also questionable.

Accordingly, the Court finds summary judgment may not be granted as to Frederick's claims for fraud or defalcation while acting as a fiduciary pursuant to § 523(a)(4), but may be granted as to embezzlement.  As for larceny, Frederick shall be given leave to amend her complaint to more clearly enunciate such a claim, if such a claim exists.

> 2.      *Section 523(a)(19) Claim*

In order for a debt to be considered nondischargeable under § 523(a)(19), the debt must result from a "judgment, order, consent order, or decree entered in any Federal or State judicial

---

[17]  *Griffiths v. Peterson (In re Peterson)*, 96 B.R. 314, 323 (Bankr. D. Colo. 1988).  *See also Jacobs v. Mones (In re Mones)*, 169 B.R. 246, 255-56 (Bankr. D. Colo. 1994) (agreeing with conclusion in *Peterson*).

[18]  *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 765 (10th Cir. 1988) (further quotation omitted).

[19]  *Bryant v. Tilley (In re Tilley)*, 286 B.R. 782, 789 (Bankr. D. Colo. 2002).

[20]  *Bombardier Capital, Inc v. Tinkler (In re Tinkler)*, 311 B.R. 869, 876 (Bankr. D. Colo. 2004) (quoting *Kaye v. Rose (In re Rose)*, 934 F.2d 901, 902 (7th Cir. 1991)).

[21]  *Id.*

or administrative proceeding."[22]   In other words, a judgment or order must be entered by a
Federal or State judicial body, or a Federal or State administrative body.  FINRA is not a Federal
or State judicial or administrative body.[23]  Therefore, absent confirmation of the Arbitration
Award by a court of competent jurisdiction, the award alone cannot provide a basis for the
dischargeability of debt under § 523(a)(19).[24]  Thus, summary judgment in Hartmann's favor
will be granted as to  Frederick's § 523(a)(19) claim.

> 3.      *Section 523(a)(2)(A) Claim*

A debtor may not be discharged from any debt "for money, property, services . . . to the
extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ."[25]  To assert a
claim of nondischargeability under § 523(a)(2)(A), a plaintiff must allege  the debtor made a
false representation; the debtor made the representation with the intent to deceive the creditor;
the creditor relied on the representation; the creditor's reliance was justifiable; and the debtor's
representation caused the creditor to sustain a loss.[26]

In this case, Hartmann contends Frederick's claim cannot stand because she does not
allege Hartmann obtained anywhere near the $238,241.08 she seeks to establish as
nondischargeable.  Hartmann states, "[i]ndeed, [Frederick] does not allege that Hartmann
received any amount [of] funds from her."[27]  However, "[a]s a matter of law, nondischargeable
debt under § 523(a)(2)(A) is not limited to the actual value a debtor obtains through fraud, but
includes punitive and compensatory damages."[28]  Hartmann's argument therefore lacks merit,
and Frederick's claim is sufficiently pled, raising material issues of fact to preclude summary
judgment.

---

[22]  11 U.S.C. § 523(a)(19)(B).

[23]  *See, e.g., D.L. Cromwell Investments, Inc. v. NASD Regulation, Inc.*, 279 F.3d 155, 162 (2nd Cir. 2002).

[24]  11 U.S.C. § 523(a)(19)(B).  *See also In Nusse v. Jafari (In re Jafari)*, 401 B.R. 494, 497-99 (Bankr. D. Colo. 2009) (holding securities fraud liability must be determined in a non-bankruptcy forum prior to dischargeability proceeding).  *See generally, Hartford Financial Holdings, Inc. v. Singer*, 2010 WL 1838843, *2 (S.D.N.Y. 2010).

[25]  11 U.S.C. § 523(a)(2)(A).

[26]  *See Johnson v. Riebesell*, 586 F.3d 782, 789 (10th Cir. 2010)

[27]  Motion to Dismiss, Docket No. 5, p.13.

[28]  *Fox v. Barber (In re Barber)*, 326 B.R. 463, 467 (10th Cir. BAP 2005) (citing *Cohen v. de la Cruz*, 523 U.S. 213, 215 (1998)).

*4.      Section 523(a)(6) Claim*

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor . . . ."[29]  "[Section] 523(a)( 6) pertains to 'only acts done with the actual intent to cause injury,' and 'non-dischargeability takes a deliberate or intentional injury not merely . . . a deliberate or intentional act that leads to injury.'"[30]  In her Complaint, Frederick asserts, "[t]he Debtor obtained money and property from and incurred debts and liabilities to Ms. Frederick by willful and malicious injury to Ms. Frederick and/or her property."[31]  Hartmann contends this is insufficient to state a claim because Frederick does not allege Hartmann intended for Frederick to lose her investment or otherwise to be harmed.

In her Response to the Motion, Frederick states:

As set forth above, the Defendant knew that Ms. Frederick was a person of limited means and limited investment experience.  The Defendant knew that the Fund was an extremely risky investment and not suitable for Ms. Frederick when he obtained her funds; the Defendant deliberately falsified documents with Ms. Frederick's financial information in order that she would "qualify" for her investment. . . .  The Defendant knew the Fund was failing when he continued to reassure Ms. Frederick, as well as lied about her ability to withdraw her investment.

Given such knowledge and trampling of Ms. Frederick's rights, the Defendant's intent is not a complicated mystery for this Court to unravel at the end of a purported crime novel.  Rather, the evidence points directly at the Defendant as to "whodunit." The Defendant's Motion must be denied.[32]

The Tenth Circuit Court of Appeals sets forth the standard to dismiss a complaint under FED. R. CIV. P. 12(b)(6) as follows:

"We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996). "We look for plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1970, 167 L.Ed.2d 929 (2007).[33]

---

[29]  11 U.S.C. § 523(a)(6).

[30]  *Panalis v. Moore (In re Moore)*, 357 B.R. 1125, 1128 (10th Cir. 2004).

[31]  Complaint, ¶ 79.

[32]  Response, Docket No. 6, p. 11.

[33]  493 F.3d 1210, 1215 (10th Cir. 2007).

In this case, Frederick has not even recited the elements of a cause of action under § 523(a)(6), nor has she stated any facts that necessarily give rise to the inference that Hartmann intended to cause her harm.  Accordingly, the standard of Rule 12(b)(6) is not met.  However, the Court may give leave to amend when justice so requires.  At this preliminary stage in the case, Frederick should be permitted to file an amended complaint rather than having this claim dismissed or summary judgment awarded as to this claim.

## CONCLUSION

For the reasons stated above,

IT IS ORDERED Hartmann's Motion to Dismiss is GRANTED in part, and DENIED, in part.  It is GRANTED to the extent it seeks dismissal of Frederick's second claim for relief under § 523(a)(19), and to the extent it seeks dismissal of the embezzlement components of her first claim for relief under § 523(a)(4).  It is DENIED to the extent it seeks dismissal of the fraud or defalcation and larceny components of Frederick's first claim for relief under § 523(a)(4), to the extent it seeks dismissal of her third claim for relief under § 523(a)(2)(A), and to the extent it seeks dismissal of Frederick's fourth claim for relief under § 523(a)(6).

IT IS FURTHER ORDERED Frederick must file an amended complaint within 21 days of this order properly asserting the larceny claim under § 523(a)(4) and the willful and malicious injury elements of her claim under § 523(a)(6) or such claims will be dismissed.

Dated May 25, 2011

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge