IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-31429 MER |
| DONALD LEONHARD HARTMANN ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | |
| SALLY D. FREDERICK ) | Adversary No. 10-1919 MER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DONALD LEONHARD HARTMANN ) | |
| ) | Signed/Docketed |
| Defendant. ) | August 4, 2011 |

**ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT**

THIS MATTER comes before the Court on the *Motion to Dismiss Amended Complaint* (the "Motion") filed by Debtor/Defendant Donald Leonhard Hartmann ("Hartmann"), and the *Response in Opposition to Motion to Dismiss Amended Complaint* (the "Response") filed by the Plaintiff Sally D. Frederick ("Frederick"). Having considered the evidence and arguments of the parties, the Court hereby enters the following Order.

**JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), as it relates to the dischargeability of a particular debt.

**BACKGROUND FACTS**

The pertinent background facts in this matter were set forth in the Court's Order of May 25, 2011, granting in part and denying in part Hartmann's previous *Motion to Dismiss*.[1] The Court hereby adopts those background facts and incorporates them by reference.

---

[1] See Docket No. 15.

In its May 25, 2011 Order, the Court granted Hartmann's previous motion to the extent it sought dismissal of Frederick's second claim for relief under 11 U.S.C. § 523(a)(19),[2] and to the extent it sought dismissal of the embezzlement components of her first claim for relief under § 523(a)(4). The Court denied Hartmann's previous motion to the extent it sought dismissal of the fraud or defalcation and larceny components of Frederick's first claim for relief under § 523(a)(4), her third claim for relief under § 523(a)(2)(A), and her fourth claim for relief under § 523(a)(6). The Court then ordered Frederick to file an amended complaint which properly asserted the larceny claim under § 523(a)(4) and the willful and malicious injury elements of the claim under § 523(a)(6).

Frederick filed her Amended Complaint Objecting to Dischargeability on June 22, 2011.[3] Hartmann's renewed Motion states the Amended Complaint does not properly state a claim for larceny or for willful and malicious injury, and seeks dismissal of the § 523(a)(4) claim to the extent it alleges larceny and of the § 523(a)(6) claim in its entirety.

Specifically, with respect to the § 523(a)(4) claim, Hartmann contends Frederick cannot state a claim for larceny, because larceny would require funds to come into Hartmann's hands unlawfully. He points out Frederick does not allege her funds were misappropriated, and so cannot show larceny.

With respect to the claim under § 523(a)(6), Hartmann argues Frederick's additional allegations are conclusory and do not support a plausible finding of misconduct by Hartmann. He states although he allegedly persuaded Frederick to make an investment, he did not desire to cause her harm, and maintains Frederick has not and cannot allege facts giving rise to an inference Hartmann intended to cause her harm.

In her Response, Frederick argues her claim under § 523(a)(6) is sufficient, because the Amended Complaint alleges Hartmann committed intentional, deliberate acts with the intent to deceive when he knowingly made misrepresentations and concealed material information. Moreover, Frederick asserts Hartmann knew she would be injured at the time he committed these acts, because he knew of her failing financial condition.

With respect to the § 523(a)(4) claim, Frederick disputes Hartmann's assertion the Amended Complaint does not state a claim for misappropriation of her funds. She argues Hartmann took her funds with respect to the subject investment with the intent to convert it to his own use, as shown by the Amended Complaint's allegations Hartmann falsified her securities account application and continued to make false statements to persuade Frederick to continue to invest, resulting in increased commissions for Hartmann. Frederick maintains Hartmann's receipt of additional commissions based on Frederick's wrongfully obtained investments constituted misappropriation of her funds for his own use.

---

[2] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[3] Docket No. 19.

**DISCUSSION**

Unlike Hartmann's previous Motion to Dismiss, the instant Motion did not refer to additional materials outside the Motion, so it will be treated as a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) rather than a motion for summary judgment.[4] A motion to dismiss under FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of a complaint assuming all the factual allegations in the complaint are true.[5] In making this determination, a court must decide whether the complaint contains sufficient facts to state a claim for relief that is plausible on its face.[6] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7] The complaint must contain "enough factual matter (taken as true)" to "raise [the] right to relief above the speculative level."[8] The court must still accept the facts alleged in the complaint as true, even if they are doubtful,[9] and it must make all reasonable inferences in favor of the plaintiff.[10]

In the Tenth Circuit, courts considering a motion under FED. R. CIV. P. 12(b)(6) must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, and must examine the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.[11]

**Section 523(a)(4) Claim**

To state a claim for larceny, Frederick must allege that Hartmann has wrongfully and with fraudulent intent taken property from its owner and misappropriated the property.[12] As the Court

---

[4] FED. R. CIV. P. 12(b) is made applicable to this proceeding by FED. R. BANKR. P. 7012(b).

[5] *Mobley v. McCormick*, 40 F.3d. 337, 340 (10th Cir. 1994).

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (requiring sufficient factual specificity in support of claims, which, if assumed to be true, demonstrate the plaintiff has "plausibly (not just speculatively) stated a claim for relief.").

[7] *Bell Atlantic*, 550 U.S. at 555.

[8] *Bell Atlantic*, 550 U.S. at 555-56. *See also Official Committee of Unsecured Creditors v. Blomen, et al. (In re Hydrogen, LLC)*, 431 B.R. 337, 345 (Bankr. S.D.N.Y. 2010).

[9] *Bell Atlantic*, 550 U.S. at 555-556.

[10] *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

[11] *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008) (citing *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)).

[12] *Bombardier Capital, Inc v. Tinkler (In re Tinkler)*, 311 B.R. 869, 876 (Bankr. D. Colo. 2004) (quoting *Kaye v. Rose (In re Rose)*, 934 F.2d 901, 902 (7th Cir. 1991)).

noted in its previous Order, "[t]he key difference between embezzlement and larceny is that '[l]arceny requires that the funds originally come into [Hartmann's] hands unlawfully.'"[13]

The Amended Complaint states Hartmann knowingly made misrepresentations of material facts about the MKS Real Estate Qualified Fund (the "Fund") and about Frederick's qualifications to invest in it, and Frederick entrusted funds, including proceeds from the sale of a rental property, to Hartmann for investment in the Fund.[14] The Amended Complaint further alleges Hartmann wrongfully and fraudulently took Frederick's money in the amount of $354,662, with the intent to convert the property to his own use by obtaining commissions on the investment of the property.[15]

Assuming, as it must for purposes of this Motion, the truth of the allegations in the Amended Complaint, the Court finds Frederick has asserted the funds she paid to Hartmann for investment on her behalf came into his hands unlawfully, because he fraudulently induced her to pay the funds. Although the fraud allegations may be pertinent to other claims, there is no assertion, nor could there be, that fraudulently obtained funds were obtained in any way other than unlawfully. In addition, the Amended Complaint states Hartmann misappropriated the funds by using them to generate commissions for himself. Accordingly, under the standards set forth above, the Court finds the Amended Complaint states a claim for larceny under § 523(a)(4) sufficient to survive a motion to dismiss under FED. R. CIV. P. 12(b)(6).

**Section 523(a)(6) Claim**

Section 523(a)(6) of the Bankruptcy Code reads:

A discharge under...this title does not discharge an individual debtor from any debt–

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.[16]

For a debt to be nondischargeable under § 523(a)(6), the movant must prove, "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury."[17] "[Section] 523(a)(6) pertains to 'only acts done with the actual intent to cause injury,' and 'non-dischargeability takes a deliberate or intentional injury not merely . . . a deliberate or intentional act that leads to injury.'"[18]

---

[13] *Id.*

[14] Amended Complaint, ¶¶ 13-19.

[15] *Id.*, ¶¶ 75-77.

[16] 11 U.S.C § 523(a)(6).

[17] *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998).

[18] *Panalis v. Moore (In re Moore)*, 357 B.R. 1125, 1128 (10th Cir. 2004).

      In the Amended Complaint, in addition to the above-noted allegations regarding misrepresentations, Frederick states Hartmann knew Frederick mortgaged her home to make an investment in the Fund, and represented to her the income from the investment would be sufficient to pay the mortgage, and funds could be withdrawn from the investment upon a 90-day request.[19] The Amended Complaint goes on to list Hartmann's intentional acts related to § 523(a)(6), including misrepresenting information about the Fund, falsifying Frederick's securities account application, and misrepresenting Frederick's ability to withdraw money from the Fund.[20] Further, it states Hartmann intended to deceive Frederick, and intended she would be injured as a result of the deception, and intentionally made false representations and committed other wrongful acts which were substantially certain to injure Frederick.[21]

      The Amended Complaint therefore contains sufficient allegations that Hartmann committed intentional acts which he knew were substantially certain to cause Frederick the specific injury of losing her money. Accordingly, pursuant to the standards under FED. R. CIV. P. 12(b)(6), the current Motion to Dismiss this claim cannot be granted.

## CONCLUSION

      For the above reasons,

      IT IS ORDERED the *Motion to Dismiss Amended Complaint* is hereby DENIED.

Dated August 4, 2011

                                               BY THE COURT:

                                               Michael E. Romero
                                               U.S. Bankruptcy Judge

---

[19] Amended Complaint, ¶¶ 30-31.

[20] Amended Complaint, ¶ 86.

[21] Amended Complaint, ¶ 87-91.